UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESSEX MANAGEMENT CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SUZANNE RELANDER, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-01195-KAW<br><br>**ORDER REASSIGNING CASE TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION TO REMAND TO STATE COURT**<br><br>Re: Dkt. No. 1 |

　　　　On March 10, 2016, Defendants Suzanne Relander and Randolph Devel removed this unlawful detainer action from San Mateo Superior Court. (Not. of Removal, Dkt. No. 1.)

　　　　As removal is clearly improper, and the parties have not consented to the undersigned, for the reasons set forth below, the Court reassigns this case to a district judge and recommends that the case be remanded to state court.

### I.　　BACKGROUND

　　　　Plaintiff Essex Management Corporation commenced this unlawful detainer action in San Mateo County Superior Court on February 9, 2016. (Compl., Dkt. No. 1, Ex. A.) The complaint contains a single cause of action for unlawful detainer. *Id.* The case is a "limited civil case," in which Plaintiff seeks immediate possession of a certain property located in Redwood City, California, which Defendants presumably occupy. (Compl. ¶¶ 2, 4.) Defendants leased the property in December 2014, and renewed the lease on December 19, 2015. (Compl. ¶ 4.) Thereafter, Defendants "permitted the commission of a nuisance and committed a nuisance on the premises and the property and materially violated the rental agreement." (Compl. ¶ 5.) The facts pertaining to the alleged nuisance and material violation were contained in the Three Day Notice to Quit, which was attached as Exhibit B to the Complaint, but Defendants did not provide the

1  exhibit in their notice of removal. *See id.*

2  On February 2, 2016, Plaintiff allegedly served a written Three Day Notice to Quit on
3  Defendants to deliver possession of the premises, but Defendants did not do so and remain in
4  possession of the premises. (Compl. ¶¶ 6-7.)

5  On February 9, 2016, Plaintiff filed suit in state court. On February 17, 2016, Defendants
6  filed a demurrer in the state court action on the grounds that the notice was fatally defective. (Dkt.
7  No. 1 at 10.) Defendants' demurrer was not sustained. (Not. of Removal ¶ 9.) On March 10,
8  2016, Defendants removed the action to federal court on the grounds that it presents a federal
9  question because "Defendant's Demurrer, a pleading[,] depend on the determination of
10 Defendant's [sic] rights and Plaintiff's duties under federal law." (Not. of Removal ¶ 10.)

## II.  LEGAL STANDARD

Federal courts exercise limited jurisdiction. A "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed at the time the complaint was filed. *See* 28 U.S.C. § 1441(a). "[R]emoval statutes are strictly construed against removal." *Luther v. Countrywide Homes Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," such that courts must resolve all doubts as to removability in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing that federal jurisdiction exists is on the party seeking removal. *See id.* at 566-67.

Federal district courts have original jurisdiction over actions that present a federal question or those based on diversity jurisdiction. *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 & n.2 (9th Cir. 2002). Federal district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that the basis for federal jurisdiction must appear on the face of the properly pleaded complaint, either because the complaint directly raises an issue of federal law or because the plaintiff's "right to

relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983). "[A] case may not be removed to federal court on the basis of a federal defense . . . , even if the defense is anticipated in the plaintiff's complaint . . . ." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (citation omitted).

### III. DISCUSSION

Defendants removed this unlawful detainer action from San Mateo County Superior Court on the grounds that the district court has original jurisdiction because the case presents a federal question.

#### A. Federal Question Jurisdiction

Defendants claim that a federal question exists based on a demurrer they filed in state court, which would result in "the determination of Defendant's rights and Plaintiff's duties under federal law." (Not. of Removal ¶ 10.) Defendants' rights in an unlawful detainer action, however, depend on the interpretation of state law. Further, Defendants have not shown why the resolution of Plaintiff's unlawful detainer claim will turn on a substantial question of federal law. In fact, it seems that any such showing is unlikely, as Plaintiff is allegedly evicting Defendants for violating the rental agreement, and is entitled to obtain possession of the premises. The complaint, therefore, fails to present a federal question or a substantial question of federal law.

Moreover, Defendants' vague assertions that a federal question exists to determine Defendants' rights and Plaintiff's duties does not alter this analysis. First, the well-pleaded complaint rule prevents the Court from considering any additional claims, such that a defendant cannot create federal question jurisdiction by adding claims or defenses to a notice of removal. *See Provincal Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009); *see also McAtee v. Capital One*, *F.S.B.*, 479 F.3d 1143, 1145 (9th Cir. 2007) (even previously asserted counterclaims raising federal issue will not permit removal). Here, Defendants' claim that the Three Day Notice to Quit violates California Code of Civil Procedure § 1161(2) does not establish federal question jurisdiction in this matter. To the contrary, the citation to state law supports the proposition that federal jurisdiction does not exist, because that contention directly addresses the

3

validity of the state law claim for unlawful detainer. Thus, Defendants' contention that there are federal questions at issue in this litigation is misplaced.

Lastly, the limited scope of unlawful detainer proceedings precludes cross-complaints or counterclaims. *See Knowles v. Robinson*, 60 Cal. 2d 620, 626-27 (1963). Thus, to the extent that Defendants' assertions could be contained in any such filing, they would, nonetheless, fail to introduce a basis for federal question jurisdiction.

### B. Diversity Jurisdiction

District courts also have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). When federal subject-matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). Under the forum defendant rule, "a civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

As discussed above, this action is not removable on the basis of federal question jurisdiction. Therefore, the only remaining removal basis would be diversity between Plaintiff, whose citizenship is unknown, and Defendants, who are citizens of California. In such situations, the forum defendant rule applies, and an action may not be removed to the district court if any properly served defendant is a citizen of California. As Defendants are citizens of California, the state in which this action was brought, this case is not removable on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441(b).

## IV. CONCLUSION

For the reasons set forth above, the Court REASSIGNS this action to a district judge with the recommendation that the action be REMANDED to state court for further proceedings.

Any party may file objections to this report and recommendation with the district judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-3. The parties are advised that failure to file objections within the specified time

may waive the right to appeal the district court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO RECOMMENDED.

Dated: March 15, 2016

KANDIS A. WESTMORE
United States Magistrate Judge